UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MELISSA PRIESTLY,

           Plaintiff,

        v.

SUNRISE SENIOR LIVING
MANAGEMENT, INC., et al.,

           Defendants.

Case No. 24-cv-00652-AMO

**ORDER DENYING MOTION TO REMAND**

Re: Dkt. No. 12

Before the Court is Plaintiff Melissa Priestly's motion to remand.  The matter is fully briefed and suitable for decision without oral argument.  Accordingly, the hearing set for August 8, 2024, is VACATED.  *See* Civil L.R. 7-6.  Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the Court hereby **DENIES** the motion to remand for the following reasons.

## I.    BACKGROUND

Plaintiff Melissa Priestly is a former employee of Sunrise Senior Living Management ("Sunrise").  She alleges that on two occasions, a Sunrise resident hit her, and she sought medical treatment and brief leave of absence after one incident.  ECF 1-2 ("Compl.") ¶¶ 28-29.  Priestly alleges that she complained to Sunrise personnel about the lack of security where she worked and the aggressive and violent residents.  *Id.* ¶ 26.  She also complained that Sunrise staff were engaging in abusive practices in caring for Sunrise residents and was told not to spread "gossip."  *Id.* ¶ 27.  An unnamed Doe employee screamed at Priestly at work, "spewing hate-filled profanity" and making comments about her chest, knowing that she had undergone a double mastectomy.  *Id.* ¶¶ 33-35.  After complaining to Sunrise about this incident and that Sunrise staff abused a wheelchair-bound resident, Sunrise placed Priestly on administrative leave, charged her with

United States District Court
Northern District of California

"flashing" her coworkers, and ultimately terminated her. *Id.* ¶¶ 36, 38-39.

On December 13, 2023, Priestly filed a lawsuit against Sunrise and various Doe defendants in Alameda Superior Court for (1) disability discrimination under the Fair Employment and Housing Act ("FEHA"); (2) FEHA retaliation for seeking an accommodation; (3) unlawful harassment under FEHA; (4) FEHA retaliation for complaints of harassment; (5) whistleblower retaliation; and (6) wrongful termination.  Compl. ¶¶ 42-121.

Sunrise removed the case to this Court on February 5, 2024 based on diversity of citizenship.  ECF 1.  Priestly is a California resident.  Compl. ¶ 6.  Sunrise is a Virginia corporation with its principal place of business in Virginia.  ECF 1 ¶ 19.  Priestly alleges that a Doe defendant, a Sunrise employee, is a California citizen.  Compl. ¶¶ 9, 33-36.  Priestly moved to remand the case on March 6, 2024, for lack of subject matter jurisdiction.  ECF 12.

## II.    LEGAL STANDARD

A defendant in state court may remove an action to federal court if the action could have been filed originally in federal court.  28 U.S.C. § 1441(a).  A removing defendant bears the burden of establishing by a preponderance of the evidence that removal was proper.  *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010).  "The[ ] statutory procedures for removal are to be strictly construed."  *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002).  Indeed, there is a "strong presumption against removal jurisdiction."  *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 885 (9th Cir. 2006) (citation omitted).  "[W]hether remand is proper must be ascertained on the basis of the pleadings at the time of removal."  *Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1277 (9th Cir. 2017).

Under 28 U.S.C. § 1332, district courts have original jurisdiction over all civil actions where the amount in controversy exceeds $75,000 and the parties are citizens of different states.  When federal subject-matter jurisdiction is predicated on diversity of citizenship, complete diversity must exist between the opposing parties.  *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).

## III.    DISCUSSION

The parties agree that the only named Defendant, Sunrise, is diverse from Plaintiff and that

United States District Court
Northern District of California

2

the amount in controversy exceeds $75,000. ECF 12-1 at 6.[1] They dispute whether the individual Doe defendant can defeat diversity here because both Plaintiff and Doe are alleged to be California citizens.

Title 28 U.S.C. § 1441 explicitly provides that "[i]n determining whether a civil action is removable on the basis of jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). Indeed, the Ninth Circuit has also ruled that "[t]he citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant." *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002). Given the clear statutory directive and the binding Ninth Circuit caselaw, there is no doubt this case is properly in federal court. *See also Valdez v. Home Depot U.S.A., Inc.*, No. 22-CV-01491-DMR, 2022 WL 4137691, at *3, n.1 (N.D. Cal. Aug. 25, 2022) (citing cases finding that "the plain language of [the removal statute] *per se* bars consideration of a Doe defendant's citizenship for removal purposes"); *Reynolds v. Ezricare LLC*, No. 23-CV-01632-JSC, 2023 WL 5022271, at *3 (N.D. Cal. July 26, 2023) (same).

Plaintiff argues that she has alleged "detailed facts" about the Doe defendant and her connection to the case and that Sunrise is "well aware of [Doe's] identity and connection to this action." ECF 12-1 at 8-9. The Court acknowledges that other district courts have found such reasoning compelling. *See, e.g.*, *Sandoval v. Republic Servs., Inc.*, No. 218CV01224ODWKSX, 2018 WL 1989528, at *3 (C.D. Cal. Apr. 24, 2018) (citations omitted) ("when a plaintiff's allegations give a definite clue about the identity of the fictitious defendant by specifically referring to an individual who acted as the company's agent, the court should consider the citizenship of the fictitious defendant."). Nonetheless, in the face of unambiguous statutory text and Ninth Circuit authority, the Court will not accept Plaintiff's invitation to consider the

---

[1] Plaintiff also names "Sunrise of Pleasanton" in her Complaint. Compl. ¶ 8. In its notice of removal, Sunrise notes that "Sunrise of Pleasanton" has never been served, nor is it a separate legal entity. ECF 1 ¶ 6. Because Plaintiff does not address Sunrise of Pleasanton in her motion to remand, the Court does not consider the citizenship of the apparent non-existent entity that has not been summoned.

United States District Court
Northern District of California

citizenship of a Doe defendant at this stage.[2]

For the foregoing reasons, the Court does not consider the Doe defendant's alleged citizenship, concludes that there is complete diversity between Sunrise and Priestly, and **DENIES** Plaintiff's motion to remand.

**IT IS SO ORDERED.**

Dated: July 30, 2024

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

United States District Court
Northern District of California

---

[2] To date, Plaintiff has not sought leave to substitute a named defendant. *See Soliman*, 311 F.3d at 971. Should Plaintiff choose to amend, the named defendant's citizenship will then be relevant to the Court's subject matter jurisdiction. 28 U.S.C. § 1447(e); *see Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001).

4